**FIRST NAT. BANK OF CINCINNATI et al. v. WATERS et al.**

**NORRIS v. SAME.**

Nos. 5869, 5870.

Circuit Court of Appeals, Third Circuit.

Jan. 28, 1936.

Ehrich Royall, Wheeler & Walters, of New York City, and Miller, Hubbell & Evans, of Utica, N. Y., and Baker & Watts of Pittsburgh, Pa. (Manfred W. Ehrich, of New York City, James F. Hubbell, of Utica, N. Y., and Sidney J. Watts, of Pittsburgh, Pa., of counsel), for appellant.

White & Case, of New York City, and J. Garfield Houston, Maynard Teall, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa. (Carlos L. Israles, and G. T. Vouht, both of New York City, of counsel), for appellees.

In case No. 5870:

James F. Hubbell, of Utica, N. Y., Sidney J. Watts, of Pittsburgh, Pa., Baker & Watts, of Pittsburgh, Pa., and Miller, Hubbell & Evans, of Utica, N. Y., for appellant Norris.

Maynard Teall and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa. (Milbank, Tweed, Hope & Webb, Lawrence Bennett, G. Franklin Ludington, and W. Crosby Roper, all of New York City, of counsel), for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge.

No. 5869.

On October 9, 1931, equity receivers were appointed by the District Court for National Radiator Corporation, and a reorganization of its affairs, already undertaken, was proceeded with, through the medium of a judicial sale of all its assets. After taking testimony, the court fixed an upset price of $2,500,000. The sale was consummated August 8, 1932, the purchasers assigned their rights to a new company, and the plan of reorganization was carried out and substantially completed.

Meanwhile, certain debenture holders who had not assented to the plan of reorganization appealed to the Circuit Court of Appeals [Flershem v. National Radiator Corp., 64 F.(2d) 847], and thereafter obtained a review of the order of that court by the Supreme Court of the United States (First Nat. Bank v. Flershem, 290 U.S. 504, 54 S.Ct. 298, 78 L.Ed. 465, 90 A.L.R. 391). Two of these objectors were First National Bank of Cincinnati and International Heater Company who are the appellants here. They did not challenge the jurisdiction of the court nor its right to order a sale. Their position was that the upset price fixed by the court and the price at which the sale was confirmed were grossly inadequate.

The Supreme Court sustained this contention and reversed the decree, ruling that these two appellants were entitled to receive their distributive share of the fair selling value of the assets, and to this end directed that a new detailed appraisal be made.

The mandate was received on February 19, 1934, and an appraisal ordered in accordance therewith.

On February 9, 1935, and while the appraisal was still in process, two receivers' accounts were filed; a first and final account of Heiner and Waters, receivers to June 1, 1934, on which date Waters resigned, and an interim account of Heiner, the remaining receiver, for the period beginning June 2, 1934. Counsel fees and allowances to the receiver were asked for.

On March 22, 1935, the District Court entered an order dismissing exceptions filed by these appellants, confirmed the accounts, and ordered the payment of certain counsel fees and allowances to the receivers.

The appellants seek a reversal of the order on the ground, broadly speaking, that it was prematurely made. Their contention is that the court should have waited until the completion of the appraisal before confirming the account and fixing fees and allowances. No exception was taken to any specific item of discharge claimed by the receivers, nor to any item of disbursement for compensation or expenses.

The confirmation of an ad interim account and the time at which compensation, counsel fees, and allowances to receivers should be fixed is a matter largely within the discretion of the court which has the receivership under its charge. Unless there has been a clear abuse of the discretion vested in the court, an order of this nature should be allowed to stand.

The District Court felt that it had before it sufficient evidence upon which the value of the services and the propriety of the allowances could properly be determined, without waiting for the appraisers to report. We cannot say that the report of the appraisers was an indispensable element. The court, of course, was thoroughly apprised of the physical character and description of the assets, of the extent of the business and the character of the services rendered by the receivers and their counsel. The receivership had continued upwards of three years during which period

the receivers had taken a partial payment on account, and counsel had received nothing. The allowances made were for services actually rendered, and no future services were considered. The appellants have not suggested that they were excessive nor that improper payments of any kind were made.

On the whole, we think that there was no abuse of discretion on the part of the District Court, and the order is affirmed.

## No. 5870.

The appellant Norris was another nonassenting debenture holder. He did not appear for any purpose in the appeals which attacked the jurisdiction of the court to appoint receivers and its right to order a sale at the upset price fixed and which resulted in a reversal of the decrees. His objective now is to obtain the payment in full of his entire claim in cash.

Besides the appeals of the bank and the Heater Company discussed in No. 5869, there were two other petitions considered by the Supreme Court; the Arzt and Ramsey appeal and the Clapier appeal. Upon the Arzt and Ramsey appeal, the Supreme Court held the sale and reorganization fraudulent in law as to the petitioners, and ruled that "they should be paid in full upon establishing their claims in this case." But Arzt and Ramsey were more than mere nonassenters. They asserted their rights from the beginning by appearing specially and objecting to the jurisdiction of the court of the subject-matter. Clapier made her stand in a separate suit in the nature of a bill of review. The Supreme Court held that she had taken the wrong remedy, but ruled that she should be given leave to intervene and present her claim in the receivership. This she did, and it was allowed.

The District Court then took up the consideration of the claims of a number of nonassenting debenture holders who had not appeared or intervened, and who had done nothing to assert their rights. On March 12, 1934, the Bankers Trust Company, as trustee, filed a petition praying for an adjudication and determination of the rights of nonassenting debenture holders generally, and in addition a number of individual holders of debentures filed separate petitions praying that their debentures should be paid in full. Notice was given by mail to all debenture holders, including this

appellant, and a hearing held in the District Court on April 17, 1934. The appellant appeared at the hearing by counsel and stated that he was not prepared to say just what steps he would find it necessary to take, but that he appeared "specially, simply for the purpose of stating that Mr. Norris does own five of these bonds." His counsel asked for a reasonable time "to form my ideas as to what his proper procedure is," and the court gave him five days, with the suggestion that if he found that insufficient he might write to the court to that effect. Nothing was heard from him, and he did nothing for a period of 11 months.

In the meantime, on October 27, 1934, the separate petitions filed by individual nonassenting bondholders for payment of their debentures in full were dismissed; the court holding that nonassenting debenture holders who had not intervened or acted could not attach themselves to the appeals of Arzt and Ramsey and Clapier, and that their intervention in the receivership was too late, it having occurred subsequent to the judgment of the Supreme Court.

On March 11, 1935, Norris, the appellant here, filed a petition asking for payment in full of his debentures. The court on March 15th dismissed the petition stating in the order: "Now, therefore, the Court declines to entertain said petition at this time and hereby dismisses said petition accordingly." The petition of the trustee for the debenture holders has not as yet been disposed of.

It will be noted that the order appealed from merely amounts to a refusal to consider the claim of this appellant in advance of the final order of distribution. The District Court, in order that as many parties as desired might know their rights, went somewhat out of the usual course and consented to adjudicate the rights of nonassenting debenture holders in advance of final distribution. The present appellant did not avail himself of the opportunity thus extended. It may be that he was under some misunderstanding as to when he would be required to appear to do so. The court thought not and so ruled. It is a matter of no moment, however, because the court was not bound to adjudicate the rights of any of these nonassenting debenture holders in advance of final distribution, and the appellant has not lost his right to appeal from such final order. What the ruling of the court amounts to in effect is that the appellant by reason of his delay has not been allowed to come in upon a special more or less declaratory proceeding offered to him as well as all others of his class. The court certainly has the right to refuse to burden itself with the claims of parties who did not present them in accordance with the opportunity given. If every creditor were allowed to come in when he chose, the confusion would be a serious matter. The order appealed from was not a final order, and the appeal will be dismissed.